UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

PATRICE LESAL BRYANT                          CIVIL ACTION

VERSUS                                        NUMBER: 11-00564

MICHAEL J. ASTRUE,                            SECTION: "C"(5)
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION


                    **REPORT AND RECOMMENDATION**

    Presently before the Court is the motion to dismiss of defendant, Michael J. Astrue, Commissioner of the Social Security Administration. (Rec. doc. 7).[1]/ Plaintiff has filed no opposition to defendant's motion. For the reasons that follow, it is recommended that defendant's motion be granted and that plaintiff's suit be dismissed for want of jurisdiction.

    The above-captioned matter is an action challenging a decision of the Commissioner of the Social Security Administration denying

---

    [1]/ To the extent that defendant supports his motion with matters outside of the pleadings, namely, the declaration of his Deputy Center Director, the motion is more properly viewed as a motion for summary judgment under Rule 56, Fed.R.Civ.P. <u>Flores v. Sullivan</u>, 945 F.2d 109, 110 n. 3 (5th Cir. 1991).

plaintiff Social Security benefits.[2] The Court's power to hear such a matter derives from 42 U.S.C. §405(g), of which 42 U.S.C. §1383(c)(3) is incorporated into by reference, which vests a district court with jurisdiction to entertain a civil action contesting a "... final decision of the Commissioner of Social Security made after a hearing ..." Under 42 U.S.C. §405(h), the right to judicial review created by §405(g) is conditioned upon compliance with the procedures set forth in the Social Security Act, namely, the proper and timely exhaustion of remedies at the agency level. See Lejeune v. Mathews, 526 F.2d 950, 952 (5th Cir. 1976). The jurisdiction of the Court, therefore, depends on whether plaintiff properly exhausted administrative remedies such that the decision which she challenges herein amounts to a "final decision" within the meaning of the Social Security Act.

The Social Security Regulations provide for a four-step process through which administrative remedies must be exhausted as a condition precedent to seeking judicial review under §405(g). After filing an application for benefits, the application is either granted or denied, thus creating an "initial determination." 20

---

[2] Although the declaration supporting defendant's motion indicates that plaintiff applied for both Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits, from a reading of plaintiff's complaint it appears that she is only challenging the denial of SSI benefits. (Rec. doc. 3).

C.F.R. 416.1400(a)(1), 416.1402. If dissatisfied with the initial determination, the claimant may seek reconsideration of that determination within sixty days. 20 C.F.R. 416.1409(a). After reviewing the application again, the Secretary issues a "reconsidered determination." 20 C.F.R. 416.1420. If dissatisfied, the claimant may, within sixty days of the reconsidered determination, request a hearing de novo before an Administrative Law Judge ("ALJ"). 20 C.F.R. §416.1433(b). The ALJ ultimately issues a written decision which the claimant, if still dissatisfied, may seek further review of by filing a request with the Appeals Council ("AC") within sixty days. 20 C.F.R. §416.1468(a). If aggrieved by the decision of the AC, the claimant's recourse is to file a civil action in federal court within sixty days as directed by §405(g). 20 C.F.R. §416.1481. The Regulations also provide that the decisions rendered at each level of the administrative process are binding on the parties unless review at the next higher level is timely sought. 20 C.F.R. §§416.1405, 416.4121, 416.1455, 416.1481. It is only after the aforementioned procedures have been exhausted and after the AC has actually reviewed or denied a request for review of an ALJ's decision that the matter becomes ripe for the filing of a judicial complaint over which the Court would properly have jurisdiction. 20 C.F.R. §416.1481; <u>Harper by Harper v. Bowen</u>, 813 F.2d 737, 739

(5th Cir.), cert. denied, 484 U.S. 969, 108 S.Ct. 466 (1987).

As set forth in the defendant's supporting declaration, plaintiff filed her application for SSI benefits on October 19, 2010 which was denied at the initial level of the Commissioner's administrative review process that same month because her countable income exceeded Title XVI income limits. (Rec. doc. 7-2, p 2.). Thereafter, plaintiff failed to seek reconsideration of that initial denial by the Administration nor did she request a hearing de novo before an ALJ. (Id.).  Plaintiff having bypassed the remaining steps in the administrative review process, there is no "final decision" which is susceptible to being properly reviewed by the Court.

An exception to the exhaustion requirement exists where a plaintiff presents a colorable constitutional challenge to the Commissioner's decision. Califano v. Sanders, 430 U.S. 99, 108-09, 97 S.Ct. 980, 986 (1977).  According to her complaint, plaintiff applied for SSI benefits but was determined to be ineligible for same based upon the fact that her spouse's income, which possibly included Social Security benefits, exceeded the eligibility dollar amount threshold. (Rec. doc. 1, pp. 2-6).  By denying plaintiff's application based on this basic eligibility criteria without first reviewing the medical evidence and determining whether she was disabled, plaintiff contends that she has been denied due process.

4

(Id.).

As set forth in the Regulations, "[t]he basic purpose underlying the supplemental security income program is to assure a minimum level of income for people who are age 65 or older, or who are blind or disabled and who do not have sufficient income and resources to maintain a standard of living at the established Federal minimum income level." 20 C.F.R. §416.110. In order to be entitled to SSI benefits, an applicant must demonstrate: (1) their "categorical" eligibility, i.e., their status within the statutory categories of the aged, blind, or disabled, and (2) their financial eligibility. 42 U.S.C. §1382(a); Ford v. Shalala, 87 F.Supp.2d 163, 165 (E.D. N.Y. 1999). With respect to the latter requirement, an applicant is not eligible for SSI benefits if she has more income and/or resources than what is statutorily permitted, 20 C.F.R. §416.202(c) and (d), and the income of certain individuals with whom a claimant lives, including her spouse, may be considered in determining the amount of the claimant's income for eligibility purposes. 20 C.F.R. §§416.1104, 416.1160-416.1169. See, e.g., Herweg v. Ray, 455 U.S. 265, 102 S.Ct. 1059 (1982); Schweiker v. Gray Panthers, 453 U.S. 34, 101 S.Ct. 2633 (1981); Norman v. St. Clair, 610 F.2d 1228 (5th Cir. 1980), cert. denied, 453 U.S. 922, 101 S.Ct. 3159 (1981).

The SSI benefits application process typically begins with an

interview of the applicant by an Administration employee who obtains certain eligibility information, including financial data, which is entered into a computer.  <u>Ford</u>, 87 F.Supp.2d at 168.  A second employee then reviews that information and makes an eligibility determination, thereafter issuing a notice of financial eligibility or a notice of denial, i.e., an initial determination.  <u>Id</u>.  If the claimant is found to be ineligible for SSI benefits, she can challenge that determination through the administrative review process described above and by way of a lawsuit in federal court once administrative remedies have been exhausted.  20 C.F.R. §§416.110(b), 416.1402(a).

Plaintiff alleges that she was denied due process because her application for SSI benefits was denied based on basic financial eligibility grounds rather than following a full-blown consideration of the medical evidence supporting her claim of disability.  The cornerstone of due process is a "meaningful opportunity to be heard."  <u>Ford</u>, 87 F.Supp.2d at 175-76 (quoting <u>Goldberg v. Kelly</u>, 397 U.S. 254, 267, 90 S.Ct. 1011, 1020 (1970)).  By providing the multi-step administrative review process described above, the Commissioner has furnished Social Security applicants with the process that is due to them and through which plaintiff could have challenged the initial determination eligibility decision. 20 C.F.R. §416.1402(a).  That she chose not to do so does

not elevate her claim to constitutional proportions for which administrative remedies need not be exhausted.  To hold otherwise would be to completely eviscerate the exhaustion requirement.

### RECOMMENDATION

For the foregoing reasons, it is recommended that defendant's motion to dismiss be granted and that plaintiff's suit be dismissed for want of jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  29th  day of _____June_____, 2011.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

7